IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ASTON CUSTOMS HOMES & DESIGN, INC. and LONNIE JOHNSON, | § § § | |
| Plaintiffs, | § § | |
| V. | § § § | No. 3:22-cv-2505-X-BN |
| WILMINGTON SAVINGS FUND SOCIETY FSB, as owner trustee for verus securitization trust 2020-NPLI, | § § § § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Brantley Starr.

Defendant Wilmington Savings Fund Society FSB, as owner trustee for verus securitization trust 2020-NLPI ("Defendant") has filed a motion to dismiss all claims brought by Plaintiffs Aston Customs Homes & Design, Inc. and Lonnie Johnson ("Plaintiffs"). *See* Dkt. No. 5. Plaintiffs filed a response, *see* Dkt. No. 10, and Defendant has not filed a reply.

The undersigned now enters the following findings of fact, conclusions of law, and recommendation that the Court grant Defendant's motion to dismiss for failure to state a claim.

- 1 -

## Background

This case concerns the loan servicing and attempted foreclosure of Plaintiffs' house and lot in Dallas, Texas ("the Property"). *See* Dkt. No. 1, Ex. C-1. Defendant is assignee of the Deed of Trust and mortgage holder. Plaintiffs allege that Defendant failed to provide timely, accurate, and truthful accounting of sums due under the Note. *See id*. They allege that Defendant refused legal tender of the debt which it was obligated to accept. *See id*.

Plaintiffs filed this action in state court on October 27, 2022, seeking injunctive relief to prevent the foreclosure of their property and bringing claims for breach of contract. The state court granted a temporary restraining order on October 31, 2022.

Defendant timely removed to federal court on November 8, 2022, on the basis of diversity citizenship. *See* Dkt. No. 1. Defendant then filed this motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 5.

## Legal Standards

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a logical conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10. 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true,

raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205. Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referenced to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's

complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id*.

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examined when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleading are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgement and appropriate notice given to the parties," the United States Court of Appeals for the Fifth Circuit has held that "briefs and oral arguments in connection with the motion … are not considered matters outside the pleadings for purpose of conversion." *Turnage v. McConnel Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

Here, Defendant asks the Court to take judicial notice of the documents attached to their motion to dismiss. *See* Dkt. No. 5. The attached documents include the Deed of Trust, Assignment of Deed of Trust, General Warranty Deed, and Notice of Foreclosure for Sale. *See id*. These documents are a matter of a public record that

can be judicially noticed in considering a 12(b)(6) motion. *See* FED. R. EVID. 201(b)(2) (a court may take judicial notice of a fact when "it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). The undersigned will take judicial notice of these documents. Because the documents attached are matters of public record on file with the Dallas County Clerk's Office and therefore are subject to judicial notice, there is no need to convert Defendant's motion to dismiss into a motion for summary judgment.

## Analysis

Defendant argues that Plaintiffs fail to state any plausible claim upon which relief could be granted. The undersigned agrees.

Plaintiffs' original petition only contains conclusory allegations that Defendant breached their contract supported by recitations of elements of the cause of action. *See Iqbal*, 556 U.S. at 678. Plaintiffs claim that they failed to receive timely, accurate, and truthful sums of the amount due from Defendant without any further facts to explain. They allege that Defendant is thwarting their efforts to pay sums due by demanding greater amounts than due based on an oral agreement between the parties. Without providing evidence of the agreement in writing, the oral agreement violates the Texas Statute of Frauds. These conclusory statements fail to raise the Plaintiffs' right to relief above the speculative level, and Plaintiffs have failed to plead a plausible claim. *See Twombly*, 550 U.S. at 570.

In their response to Defendant's motion to dismiss, Plaintiffs acknowledge that they have not pointed to specific provisions or language involved. *See* Dkt. 10 at 4-5.

They claim that the "subject of the suit is the Note and Deed of Trust" and that they in themselves establish the rights and obligations of the parties. *See* id. But, for a complaint to meet the pleading standards, it must state facts beyond conclusory allegations. *See Smith*, 615 F. App'x at 833.

## I.    Plaintiff failed to adequately plead a claim for breach of contract.

Plaintiffs' breach of contract claim should be dismissed. Under Texas law, to succeed on a breach of contract claim, the plaintiff must show (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by defendant; and (4) damages sustained by the plaintiff as a result of the breach. *See Smith Intern., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

Plaintiffs allege in the original petition that Defendant failed to fulfill their requirements under the terms of the Note and the Deed of Trust and prevented performance of Plaintiffs' obligations in a post-default agreement.

## A. Failure to provide timely, accurate, and truthful sums due

Defendant argues that Plaintiffs' breach of contract claim is defeated because Plaintiffs (as they admit, *see* Dkt. No. 10 at 4) defaulted and therefore previously breached. And, Defendant argues that, even if Plaintiffs did not default, Plaintiffs have stated only mere conclusory statements that are insufficient to plead a breach of contract claim. *See id.*

The Fifth Circuit has articulated an exception to the general proposition that a party's prior breach of a contract will excuse the other party's performance in the

context of a debt secured by a deed of trust covering real property. *See Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 244-45 (5th Cir. 2018). This is based on the distinction between independent and dependent promises in Texas contract law. For mutually dependent promises, the breach of one promise will excuse the performance of the other, but, for reciprocal but independent promises, the breach of one promise does not necessarily excuse the performance of the other. *See Barraza v. Bank of Am., N.A.*, No. EP-12-CV-35-KC, 2012 WL 12886438, at *9 (W.D. Tex. Aug. 13, 2012).

The intent of the parties determines whether promises are dependent or independent. *See id.* at *10. Courts will look to the language of the contract to determine this intent. *See id.* Courts will find that a promise is dependent if it "goes to the entire consideration of a contract" and "is conditional upon the prior performance by the other party." *Id.* (quoting *46933, Inc. v. Z & B Enters., Inc.*, 899 S.W.2d 800, 807-08 (Tex. App. – 1995, writ denied)). Courts will find that a promise is independent if it "goes only to part of the consideration on both sides and a breach may be compensated for in damages." *Id.* (quoting *Hanks v. GAB Bus. Servs., Inc.*, 644 S.W.2d 707, 708 (Tex. 1982)).

The court in *Barraza* explained that a plaintiff's promise to make mortgage payments was independent of the defendant's promise to perform its post-default obligations under the deed of trust before executing a foreclosure sale. *See id.* The court in *Williams* further reasoned that the requirement in a deed of trust of post-default obligations such as notice of intent to foreclose only has meaning if it can be enforced in the event of default. *See Williams*, 884 F.3d at 245. Reading the post-

- 8 -

default obligations as being dependent on the plaintiff never entering default in the first place renders those obligations meaningless. *See id.* Such a reading would be inconsistent with the principle that Texas courts must "attempt to give effect to all contract provisions so that none will be rendered meaningless." *Id.* (quoting *Kelley-Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 464 (Tex. 1998)).

And, so, failing to fulfill post-default obligations before attempting to foreclose can be the basis for a breach of contract action and is not necessarily barred by default.

But the fact that Plaintiffs have a valid cause of action does not mean that they have met their burden to plead that cause of action.

A claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached. *See Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014). Without identifying the provision or provisions, the Court cannot determine whether Plaintiffs have pleaded factual content that allows the Court to draw the reasonable inference that a defendant is liable for breach of those provisions or, more specifically here, that Defendant failed to fulfill their post-default obligations under the Deed of Trust. Plaintiffs do not identify the provisions of the Deed of Trust that have been breached but instead claim a general, unspecified right to truthful accounting. A general assertion of rights and obligations without support of the specific provisions breached does not raise the right to relief beyond a speculative level. *Twombly*, 550 U.S. at 555.

In response to the Defendant's motion, Plaintiffs fare no better. *See* Dkt. No.

10 at 5 (asserting the instruments establish the rights and obligations of Defendant and Plaintiff respectively but failing to indicate the specific provisions containing such rights and obligations).

These conclusory statements are not sufficient to plead breach of contract on the basis of the Deed of Trust and therefore that component of the claim should be dismissed without prejudice.

## B. Prevention of performance by demanding sums greater than due

Plaintiffs allege that Defendant breached their duties under the Deed of Trust and Note by demanding greater sums than due and by preventing Plaintiffs from performing under the contract, thereby making Plaintiffs' performance of their obligations impossible. Defendant argues that Plaintiffs did not perform their obligations under the loan documents and fail to state the provisions detailing the obligations the Defendant has breached.

A party's nonperformance under a contract will be excused when that party's performance is prevented by the other party. *See Dorsett v. Cross*, 106 S.W.3d 213, 217 (Tex. App. – Houston [1st. Dist.] 2003, pet. denied); *Erickson v. Rocco*, 433 S.W.2d 746, 751-52 (Tex. Civ. App. – Houston [14th Dist.] 1968, writ ref'd n.r.e.). When one party prevents the other party's performance of a contract, not only is the other party's performance excused, but the interfering party has committed a breach of contract for which the other party may recover damages sustained from the breach. *See Longview Const. & Dev., Inc. v. Loggins Const. Co.*, 523 S.W.2d 771, 779 (Tex. Civ. App. – Tyler 1975, writ dism'd by agr.). A tender of performance is equivalent to

performance, and a refusal in advance to accept performance excuses a tender, for the law does not require the doing of an idle or futile thing. *See Clark v. Andrew*, 11 F.2d 958, 961 (5th Cir. 1926) (citing to *Blunt v. Tomlin*, 27 Ill. 83; *Yerkes v. Richards*, 26 A. 221, 153 Pa. 646, 34 Am.St.Rep. 271).

Plaintiffs admit to falling behind on payments and therefore did not perform their obligations under the Deed of Trust and Note, which required Plaintiffs to make payments on the Note when due. Plaintiffs do not allege the initial default was a result of Defendant's prevention of performance. Rather, Plaintiffs contend that Defendant prevented performance of a post-default agreement to pay the total amount due.

The alleged agreement for Defendant to forbear foreclosure and accept payment of $1.4 million to satisfy the default cannot sustain a breach of contract claim because it fails to satisfy the statute of frauds. "It is well-settled in Texas that agreements pertaining to loans in excess of $50,000 must be in writing, including modifications of those agreements." *Miller v. BAC Homes Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (citing TEX. BUS. & COM. CODE § 26.02). Here, Plaintiffs allege that Defendant agreed to accept in full payment of the loan sum of $1.4 million. Dkt. No. 1, Ex. C-1. This agreement would modify the terms of the original $1.2 million loan agreement and is subject to the statute of frauds. Because Plaintiffs have not produced a written agreement – or even alleged that one exists – the agreement to accept $1.4 million in satisfaction of the debt does not satisfy the statute of frauds. *See Law v. Ocwen Loan Servicing, LLC*, 587 Fed. App'x 790, 794 (5th Cir. 2014)

("[B]ecause the loan agreement … was required to satisfy the Statute of Frauds, so too was the proposed modification agreement. Because the loan modification proposal failed to do so, it was not a valid contract upon which a claim of breach can be based."). Such statements are not sufficient to plead breach of contract on the basis of the Deed of Trust and therefore that component of the claim should be dismissed without prejudice.

### C. Plaintiffs fail to state actual damages as a result of Defendant's breach

Plaintiffs allege Defendant's alleged breach of the Deed of Trust and Note is the cause of damages sustained and incurred by Plaintiff. But Plaintiffs must plead more than mere conclusory statements to sustain a breach of contract claim. *See Twombly*, 550 U.S. at 555. Here, Plaintiffs fail to state what those damages are or how the alleged breach proximately caused them. The only potential injury discernable from the Complaint, though it is not referenced, is the threat of foreclosure. But "[t]he threat of foreclosure, by itself, does not suffice as actual damages to sustain a breach of contract claim." *Kirwa v. Wells Fargo Bank, N.A.*, No. 4:18-cv-707-ALM-CAN, 2019 WL 2575058, at \*5 (E.D. Tex. June 3, 2019). These conclusory statements are insufficient to plead breach of contract on the basis of the Deed of Trust and Note, and therefore the claim should be dismissed without prejudice.

## II.  Plaintiffs' request for accounting should be dismissed

The undersigned questions whether Plaintiff is even attempting to assert a claim for an accounting but, out of an abundance of caution, will review the original

complaint as if Plaintiffs have attempted to assert a claim an accounting.

Plaintiffs broadly seek the remedy of an accounting. *See* Dkt. No. 1, Ex. C-1. Defendant moves to dismiss Plaintiffs' request for an accounting because their underlying claim fails. *See* Dkt. No. 5 at 7-8.

An accounting is an equitable remedy that is not an independent cause of action. *See Henry v. CitiMortgage, Inc.*, No. 4:11-cv-83, 2011 WL 2261166, at *8 (E.D. Tex. May 10, 2011).

Because the undersigned has determined that Plaintiffs' claim cannot withstand dismissal at this time, Plaintiffs' request for an accounting cannot survive.

### III. Plaintiffs' requests for injunctive relief should be dismissed.

Defendant seeks to dismiss Plaintiffs' request for injunctive relief for failure to state any underlying claim. *See* Dkt. No. 5 at 8. To obtain injunctive relief, a plaintiff "is required to plead and prove, inter alia, 'a substantial likelihood of success on the merits.'" *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-cv-507-A, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)). Here, Plaintiffs seek to enjoin Defendant from foreclosing and extend the Temporary Restraining Order to a Temporary Injunction. *See* Dkt. No. 1, Ex. C-1. Because dismissal of all Plaintiffs' claims is warranted on the merits, they cannot establish a likelihood of success on the merits. *See Jackson*, 2011 WL 3874860, at 3. Defendant's motion to dismiss Plaintiffs' request for injunctive relief should be granted without prejudice.

**Recommendation**

The Court should grant Defendant's motion to dismiss [Dkt. No. 5] and dismiss Plaintiffs' claims for breach of contract without prejudice and should grant Plaintiffs 21 days from the date of any order adopting these Findings, Conclusions, and Recommendations in which to file an amended complaint to replead their claims for breach of contract and request for an accounting and injunctive relief, if they can, consistent with this recommendation and the conclusions and findings above and should order that, if they fail to do so, those claims will be dismissed with prejudice without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 23, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE